UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


SCOTLUND STIVERS,

      Petitioner,

v.                                Case No. 2:16-cv-86
                                       HON. GORDON J. QUIST

LORI GIDLEY,

      Respondent.

_____/


## REPORT AND RECOMMENDATION

      Petitioner Scotlund Stivers, filed this petition for writ of habeas corpus challenging his conviction after pleading guilty to assault with intent to commit great bodily harm less than murder.  Mich. Comp. Laws § 750.84.  Petitioner was sentenced on November 20, 2013, to a term of 35 months to 10 years imprisonment.  Petitioner received 166 days of jail credit.  The petition raises three issues:  (1) that a factual basis did not exist to support Petitioner's plea, (2) ineffective assistance of counsel, and (3) that the plea was involuntary.  Petitioner's conviction arises out the assault of his roommate using a hammer.  Petitioner admitted that he struck his roommate with a hammer.

      Petitioner appealed his conviction by counsel, raising the issues presented in this petition, to the Michigan Court of Appeals.  The Michigan Court of Appeals denied Petitioner's application to appeal "for lack of merit in the grounds presented."  (Order dated September 10, 2014, ECF No. 19-14, PageID.400)  The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 31, 2015.  (ECF No. 19-15, PageID.445).  The respondent has filed

an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court

decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that his plea was involuntary and that an insufficient factual basis was used to support his conviction. The Michigan courts rejected these claims. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard

set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969).  Under

*Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due

Process Clause.  A criminal defendant enters a guilty plea knowingly when he understands the

nature of the charge and the "direct consequences" of his guilty plea.  *See Brady v. United States*,

397 U.S. 742, 748 (1970).  In general, a defendant is aware of the direct consequences of the plea

if he or she is aware of the maximum and minimum (if any) sentence that may be imposed.  *See*

*King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion*

*Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness

of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by

producing a transcript of the state-court proceeding.  *Garcia v. Johnson*, 991 F.2d 324, 326 (6th

Cir. 1993).  Where the transcript is adequate to show that the plea was voluntary and intelligent, a

presumption of correctness attaches to the state court findings of fact and to the judgment itself.

*Id.*  A satisfactory state-court transcript, containing findings after a proper plea colloquy, places

upon petitioner a "heavy burden" to overturn the state findings.  *Id.* at 328; *see Parke v. Raley*, 506

U.S. 20, 29 (1992).  In the present case, after a thorough interrogation of Petitioner, the state judge

found that Petitioner's plea of guilty was entered knowingly and voluntarily.

> The Court:  Thank you, Mr. Stivers. Mr. Stivers, you're before the
> Court on an original two count felony complaint in file number 11-
> 691-FH.  And there is a companion case in the District Court file
> that is part of this plea agreement, file number 13-56037-FY.
>
> The original action in this court, file number 11-691-FH is an
> original two count complaint, that does allege that on or about May
> 24, 2011, in Bruce Township, County of Chippewa, State of
> Michigan, you did allegedly commit the following crimes.
>
> Count one, assault to do great bodily harm less than murder. That is
> a 10 year felony, punishable by up to 10 years in the Michigan

Department of Corrections or $5,000 in fines and costs. DNA to be taken upon arrest. Count two does allege that you did commit the crime assault with a dangerous weapon, to wit felonious assault. That is a four year felony punishable by up to four years in the Michigan Department of Corrections and or $2,000 in fines and costs.  DNA to be taken upon arrest. Upon a conviction of a felony or attempted felony the Court shall order law enforcement to collect DNA for profile identification for profiling samples.

Mr. Stivers, the Court has been advised that a plea has been negotiated between Mr. Stratton and Mr. Peppler and yourself, whereby you would plead guilty to count one in file number 11-691-FH, that is assault to do great bodily harm less than murder. That is a 10 year felony, punishable by up to 10 years in the Michigan Department of Corrections and or $5,000 in fines and costs, DNA to be taken upon arrest.

In exchange for your plea of guilty to count one in file number 11-691-FH, count two in file number 11-691-FH will be dismissed. And the companion case that is postured currently in the District Court, file number 13-56037-FY, would be dismissed pursuant to this plea agreement. Mr. Stivers, is that your understanding of the plea agreement?  Is that how you want to proceed for resolution?

The Defendant: I am somewhat hard of hearing. I understand that you said basically that the assault with the deadly weapon with intent to do great bodily harm less than murder, I would be pleading guilty to. And then the other charges will all be dismissed.

The Court: Right. Count one –

Mr. Stratton: He is just reading you all of the charges as of right now.

The Defendant: Right.

The Court: Count one is file number 691-FH is assault to do great bodily harm less than murder.  Pursuant to the plea agreement you would be pleading guilty to that charge. Count two in this file, 11-691-FH, assault to do great bodily harm – or assault with a dangerous weapon, to wit felonious assault, that's count two, would be dismissed. That count would be dismissed. And file number 13-56037-FY, which is currently postured in the District Court would be dismissed.

So the only remaining charge you would be pleading guilty to would be count one, assault to do great bodily harm less than murder. That is a 10 year felony, punishable by up to 10 years in the Michigan Department of Corrections, $5,000 in fines and costs and DNA to be taken upon arrest. That is what the plea is.

The Defendant: Yes.

The Court: Is that how you want to resolve the matter Mr. Stivers?

The Defendant: Yes.

The Court: Very well. If the Court accepts your plea Mr. Stivers, you will be giving up several rights you would have in both of these matters. And we will go over your rights so you are clear this morning. And you have signed and executed the advice of rights, but we will go over your rights with you so we are clear.

Constitutionally Mr. Stivers, you have the right to have a trial by a jury in these matters. You are presumed innocent until proven guilty. You have the right to have the prosecutor prove beyond a reasonable doubt that you are in fact guilty of all the charges before the courts.

You have the right to have witnesses appear against you at trials in both matters. You have the right to question the witnesses that appear against you in both trials. You have the right to have any witnesses you have for your defense, by court order, appear at both trials.

You have the right to remain silent at both trials. You have the right to not have your silence used against you in any manner.  And you also carry the right to testify at both trials, should you wish to testify. Do you understand your constitutional rights, Mr. Stivers? And are you willing to waive those rights?

The Defendant: Yes.

The Court: In both matters?

The Defendant: Yes.

The Court: Very well. Mr. Stivers, do you understand that if your plea is accepted you would be giving up any claim that your plea was the result of any promises or threats that were not disclosed to me today or was not of your own free choice to plead guilty. In other

words, this is a knowing and voluntary action to plead guilty to assault to do great bodily harm less than murder. Is that correct?

The Defendant: What?

The Court: Is this a knowing and voluntary action to plead guilty to assault to do great bodily harm less than murder?

The Defendant: Yes.

The Court: And that's with your approval and consent?

The Defendant: Yes.

The Court: Thank you. You understand Mr. Stivers that any review of the Court of Appeals of this plea and sentence of this Court would be by leave only. You do not have an automatic right to appeal to the Court of Appeals. Because you are pleading guilty any review by the Court of Appeals would be by leave only. You would have to ask the Court of Appeals for permission by leave only to review this matter. Do you understand that?

The Defendant: Yes.

The Court: Thank you. Then Mr. Stratton and Mr. Stivers, did the Court adequately state the plea agreement to the best of your knowledge?

Mr. Stratton: Yes, your Honor.

The Court: Mr. Stivers, is that true?

The Defendant: That I consent to this?

The Court: Have I adequately stated the plea agreement –

The Defendant: Yes.

The Court: -- in its totality?

The Defendant: Yes, you did an excellent job.

The Court: Okay. And that's your understanding?

The Defendant: Yes.

The Court: Okay. Very well. Mr. Stivers, has anyone promised you anything beyond what was stated here in open court to get you to plead guilty to assault to do great bodily harm less than murder?

The Defendant: No, just the plea.

The Court: That's the plea agreement.

The Defendant: Yeah, the plea agreement that they are going to drop the other stuff in return for me pleading guilty to this one charge.

The Court: And that's the only – that's your understanding of the plea agreement?

The Defendant: Yes.

The Court: Okay. Has anyone threatened you in any matter to get you to plead guilty to assault with intent to do great bodily harm less than murder? Has anyone threatened you in any manner to get you to plead guilty to that charge?

The Defendant: No.

The Court: Are you pleading guilty to assault to do great bodily harm less than murder because you believe you are guilty of that offense?

The Defendant: I am doing it because Mr. Stratton has explained my chances –

The Court: Well let me just stop right there.

The Defendant: -- and I think this is my best shot.

The Court: Let me stop right there Mr. Stivers. I am not accepting that. You need – if you are pleading guilty to assault to do great bodily harm less than murder, I want you to understand if you are pleading guilty to that offense you need to  believe you are guilty of that offense.  So do you – let's be clear. Are you pleading guilty to assault to do great bodily harm less than murder because you believe you are guilty of that offense?

The Defendant: I guess the way the prosecutor is defining things, yes.

Mr. Stratton: Either you believe you are guilty or not.

The Defendant: Yes. I am not a lawyer. The way they are reading the law, yes I guess so.

The Court: Okay. Let me read the actual facts of count one as I see it on the felony complaint.  Count one, assault to do great bodily harm less than murder. That you did make assault upon Gary James Temple with intent to do great bodily less than the crime of murder. Mr. Stivers, do you believe you are guilty of that offense?

The Defendant: Yes, I struck him.

The Court: That is a true statement.

The Defendant: Yes, I struck him. I admit it.

The Court: Very well. Then Mr. Stratton, maybe you could elicit a factual basis from Mr. Stivers.  And then Mr. Peppler, if there needs to be any clarification from your part.

Mr. Stratton: Back on May 24, 2011, were you in Bruce Township which is in Chippewa County, Michigan?

The Defendant: Yes.

Mr. Stratton: And you struck Gary Temple with a hammer.

The Defendant: Yes.

[The Court]: Thank you. Thank you Mr. Stratton. Mr. Peppler, did you need any follow up with that or are you satisfied?

Mr. Peppler: Was the blow to the head area?

The Defendant: I believe so.

Mr. Peppler: That's fine, your Honor.

The Court: Are Counsel aware of any promises, threats or inducements, other than those stated in open court to either encourage or entice Mr. Stivers to plead to assault to do great bodily harm less than murder?

Mr. Stratton: No, your Honor.

The Court: Mr. Peppler?

Mr. Peppler: There are none, your Honor.

The Court: Thank you. Are Counsel satisfied the Court has complied with Michigan Court Rule 6.302(A) through (D) in the taking and accepting of Mr. Stivers plea to assault to do great bodily harm less than murder?

Mr. Stratton: Yes, your Honor.

The Court: Mr. Peppler?

Mr. Peppler: Yes, we are.

The Court: Thank you. The Court is satisfied the Court has complied with Michigan Court Rule 6.302(A) through (D) in the taking and accepting of the plea agreement. He did consent to the plea agreement. He did waive his constitutional rights. He did execute the advice of rights in open court.

The Court advised Mr. Stivers of his constitutional rights in both files 11-691-FH and to include file number 13-56037-FH, which is currently postured in the District Court. Mr. Stivers consented and knowingly and voluntarily acquiesced to the plea agreement. He did intend and knowingly and voluntarily enter into the plea agreement. And he did state a factual basis to support the crime, assault to do great bodily harm less than murder.  Therefore, the Court will accept Mr. Stivers plea to the crime, assault to do great bodily harm less than murder.

I will have this matter set over to the Michigan Department of Corrections for a presentence investigation. And what that means Mr. Stivers, for you is, you need to meet with the Michigan Department of Corrections.

Okay Mr. Stivers, just so we are clear.  I have accepted your guilty plea to the crime of assault to do great bodily harm less than murder. I am going to set this matter over the Michigan Department of Corrections for a presentence investigation. And what that means is, you need to meet with the probation parole department of the Michigan Department of Corrections. They will conduct an interview with you. Based on that interview, they will prepare a presentence report. Upon completion of that report it will be circulated to the Court, Mr. Stratton and Mr. Peppler. We will reconvene for sentencing on information in that report in approximately one month, okay.

Mr. Stratton: Thank you.

(Plea transcript, October 30, 2013, ECF No, 19-11, PageID.302-311).

In the opinion of the undersigned, the Michigan Courts did not err in finding that Plaintiff voluntarily and knowingly entered a plea agreement, received the benefit of the bargain, and pleaded guilty to the crime of assault with intent to commit great bodily harm less than murder. The Michigan court decisions did not result in any decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in any decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that he received ineffective assistance of counsel during the plea negotiations. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court

11

determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Hill,* at 58. In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Petitioner claims that attorney Varga failed to communicate the plea offer before trial on May 29, 2013. Attorney Varga testified that Petitioner failed to attend a scheduled office meeting for May 24, 2013, and he was unable to inform Petitioner of the plea deal. (ECF No. 19-13, PageID.371) Counsel could not telephone Petitioner because his telephone was dead and Petitioner had absconded to Wisconsin. Counsel did not see Petitioner until he was arrested in Wisconsin in August of 2013. (PageID.372). The trial court and the Michigan appellate court rejected Petitioner's assertions regarding this claim. Similarly, Petitioner failed to support a claim of ineffective assistance of counsel because attorney Stratton allegedly told Petitioner that he could not assert self-defense. Attorney Stratton testified that he told Petitioner that a jury likely would not believe that Petitioner acted in self-defense because Petitioner did not have any visible injury from a struggle. (PageID.378). Attorney Stratton denies that he told Petitioner that the defense was unavailable. Petitioner in fact was advised by attorney Varga that self-defense was his only

defense, but that he believed that it was not likely to succeed at trial.   (PageID.375). Most importantly, Petitioner has failed to show that he received improper advice or that his plea was unknowing and involuntary.  In the opinion of the undersigned, the findings of the Michigan courts rejecting Petitioner's ineffective assistance of counsel claims are supported by the record and not unreasonable.

To the extent that Petitioner argues that the trial court erred by not establishing a factual basis for his guilty plea, Petitioner has failed to raise a cognizable habeas claim.  A state court is not required under the Constitution to establish a factual basis for a guilty plea. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975).  "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.   Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989).  For the reasons stated, Petitioner cannot show that his plea was uncounseled or involuntary.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  _____March 27, 2017_____          _____*/s/ Timothy P. Greeley*_____
                                            TIMOTHY P. GREELEY
                                            UNITED STATES MAGISTRATE JUDGE