UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTLUND STIVERS,

        Petitioner,                                   Case No. 2:16-CV-86

v.                                                     HON. GORDON J. QUIST

LORI GIDLEY,

        Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

      Petitioner, Scotlund Stivers, filed a petition for writ of habeas corpus raising three issues: (1) Stivers's plea was not supported by a factual basis; (2) Stivers's counsel was ineffective during plea negotiations; and (3) Stivers's plea was not knowing and voluntary. On March 27, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation ( R & R) recommending that the Court deny Stivers's petition for writ of habeas corpus. The magistrate judge concluded that the plea transcript confirmed the Michigan Court of Appeals' conclusion that Stivers's plea was knowing and voluntary. Second, the magistrate judge concluded that state court's findings rejecting Stivers's ineffective assistance claim were supported by the record and not unreasonable. Finally, the magistrate judge concluded that Stivers's claim alleging lack of a factual basis for his plea is not cognizable in a federal habeas proceeding.

      Stivers has filed Objections to the R & R as to all three grounds.[1] Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or

---

[1] Stivers actually filed two Objections, the first on April 20, 2017, and the second, with the Court's permission, on June 19, 2017. (ECF Nos. 26 and 34.)

recommendations to which objection is made." After conducting a de novo review of the R & R, Stivers's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

First, Stivers's continued insistence that HIS plea lacked a factual basis is irrelevant. The magistrate judge did not decide that a factual basis existed. Rather, the magistrate concluded that a claim of an insufficient factual basis for a plea is not a cognizable claim in a federal habeas proceeding. *See Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) ("[T]o the extent Bonior claims an insufficient factual basis for the plea, that claim is not cognizable in federal habeas."). The magistrate judge properly rejected this claim.

Second, the Court concurs with the magistrate judge's conclusion that Stivers fails to show that his counsel was ineffective or that the state court's rejection of the ineffective assistance of counsel claim was unreasonable. Stivers' claim that his counsel advised him that he would receive a maximum sentence of 23 months is frivolous. Stivers's counsel (Mr. Stratton) testified that he explained to Stivers that the guideline range that the calculated guideline range was 10 to 23 months, which represented the best scenario, but that the worst scenario was 23 months to 10 years—the statutory maximum. Stivers's counsel further testified that Stivers understood the maximum penalty. (ECF No. 19-13 at PageID.378–79.)

Finally, the Court concludes that the magistrate judge did not err in recommending that Stivers's plea was knowing and voluntary. The trial court thoroughly explored with Stivers on the record his decision to plead guilty, ensuring that Stivers understood the consequences of his decision and that no one threatened or promised Stivers anything in order to induce Stivers to plead guilty. The plea transcript refutes Stivers's claim.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Miller's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Miller's claim was debatable or wrong. Thus, the Court will deny Miller a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 27, 2017 (ECF No. 24) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objections (ECF Nos. 26 and 34) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for extension of time (ECF No. 31) and Petitioner's motion to appoint counsel (ECF No. 35) are **DENIED AS MOOT**.

This case is **concluded**.

A separate judgment will enter.

Dated: July 27, 2017                                    /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE